UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONIO R. WEATHERSBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-CV-0368-CVE-CDL |
| ) | |
| LATSHAW DRILLING COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court are defendant's motion to dismiss (Dkt. # 15) plaintiff's pro se "amended" complaint,[1] plaintiff's response (Dkt. # 33), and defendant's reply (Dkt. # 36). Defendant argues that plaintiff has failed to plausibly allege that he is entitled to relief under Title VII of the Civil Rights Act of 1964 (Title VII), the Age Discrimination in Employment Act of 1967 (ADEA), the Americans with Disabilities Act of 1990 (ADA) as amended by the ADA Amendments Act of 2008, and/or 42 U.S.C. § 1981. Dkt. # 15, at 1-3, 11. Plaintiff responds that he "has over [and] over provided factual evidence to support [his] complaint[.]"[2] Dkt. # 33, at 2. Defendant replies that plaintiff's conclusory allegations are insufficient to state a claim. Dkt. # 36, at 1.

**I.**

Plaintiff alleges that defendant committed discriminatory acts against plaintiff on March 13, 2023, and continues to commit these acts against him. Dkt. # 6, at 4. These purported

---

[1] As the Court has previously explained, defendant's error in referring to plaintiff's complaint as an "amended complaint" does not invalidate defendant's motion to dismiss. Dkt. # 32.

[2] On a motion to dismiss for failure to state a claim, the Court cannot "consider evidence or allegations outside the four corners of the complaint." Goodwill Indus. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co., 21 F.4th 704, 713 (10th Cir. 2021). Thus, the Court will not consider any of plaintiff's factual allegations made in filings prior to his complaint (Dkt. # 6), including his stricken complaint (Dkt. # 2), or in his response brief (Dkt. # 33).

discriminatory acts include: terminating plaintiff's employment; failing to accommodate his disability after he was injured on the job "other than [by] termination;" retaliating against him "after [he] reported issues[;]" and failing to rehire him after defendant's owner instructed Sarah Wass, a human resources employee, to rehire plaintiff. Id. at 4, 5. Additionally, plaintiff claims that defendant "subjected [plaintiff] to racism, [a] hostile work environment, [and] segregated" him. Id. at 4. Plaintiff alleges that defendant discriminated against him based on his race, color, age, and disability or perceived disability. Id. Plaintiff claims that he was born in 1968 and is disabled because he was "injured on job." Id.

In April 2023, plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC). Id. at 5. On August 19, 2024, plaintiff received a right to sue letter from the EEOC. Id. Plaintiff did not attach a copy of the EEOC charge to his complaint.

On August 7, 2024, plaintiff filed a complaint (Dkt. # 2) and a motion for leave to proceed in forma pauperis (Dkt. # 3). The Court granted plaintiff's motion to proceed in forma pauperis, struck plaintiff's complaint, and ordered plaintiff to file his complaint on the court-approved form. Dkt. # 5. On August 29, 2024, plaintiff filed a new complaint, adding Sarah Wass as a defendant and alleging termination of his employment, failure to accommodate his disability, retaliation, failure to rehire, racism, hostile work environment, and segregation in violation of Title VII, the ADEA, and other federal law protecting against retaliation and wrongful termination. Dkt. # 6, at 2, 3, 4-5. The Court terminated Sarah Wass as a party defendant because the Court did not grant plaintiff leave to add a defendant and plaintiff's claims against Wass lacked merit. Dkt. # 8. On September 27, 2024, defendant filed a motion to dismiss plaintiff's "amended" complaint. Dkt. # 15. Plaintiff filed a response (Dkt. # 33), and defendant filed a reply (Dkt. # 36).

## II.

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face[,]" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 570 (citations omitted). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. Although decided within an antitrust context, Twombly "expounded the pleading standard for 'all civil actions.'" Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

A court reviewing a pro se plaintiff's complaint must broadly construe the complaint's allegations to determine if the plaintiff can state a claim upon which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The court's

generous construction of a pro se litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if [a] court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so . . . ." Id. A reviewing court need not accept "mere conclusions characterizing pleaded facts . . . ." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1175 (10th Cir. 1997).

Further, plaintiff's status as a pro se plaintiff does not excuse his failure to comply with the Federal Rules of Civil Procedure (FRCP). Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994). Under FED. R. CIV. P. 8(a), plaintiff must provide "a short and plain statement of the grounds for the court's jurisdiction[,]" "a short and plain statement of the claim showing that [he] is entitled to relief[,]" and "a demand for the relief sought . . . ." Additionally, under FED. R. CIV. P. 10(b), plaintiff must "state [his] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances[,]" and "state[] in a separate count" "each claim founded on a separate transaction or occurrence" "[i]f doing so would promote clarity. . . ." The complaint must provide "fair notice" to defendant regarding the claims asserted against it. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008); see also Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The rule of liberal construction neither requires

nor permits this Court to assume the role as plaintiff's advocate by "stitch[ing] together cognizable claims for relief from . . . [a] wholly deficient pleading." Mann v. Boatright, 477 F.3d 1140, 1148 (10th Cir. 2007).[3]

### III.

Liberally construing plaintiff's complaint, plaintiff appears to be attempting to allege 13 counts against defendant: racial discrimination under Title VII and § 1981,[4] age discrimination under the ADEA, disability discrimination under the ADA,[5] failure to accommodate under the ADA,

---

[3] Plaintiff's complaint does not comply with the FRCP's basic pleading requirements because he fails to state, enumerate, and provide factual support for each of his claims. Dkt. # 6. The Court cautions plaintiff that the Court could dismiss plaintiff's complaint on the basis of his failure to comply with the FRCP without reaching the merits of his claims. FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.")

[4] In plaintiff's response, plaintiff argues that defendant's treatment of plaintiff "caused disparate impact and disparate treatment" in reference to his Title VII racial discrimination claim. Dkt. # 33, at 2. Disparate treatment claims arise when an "'employer simply treats some people less favorably than others because of their race, color, religion, sex, or [other protected characteristic].'" Raytheon Co. v. Hernandez, 540 U.S. 44, 52 (2003) (quoting Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977)) (alterations in original). Conversely, "disparate-impact claims 'involve employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity.'" Id. As plaintiff's complaint does not allege a facially neutral employment practice impacting one group more than another and does not mention a disparate impact claim, the Court construes plaintiff's complaint as raising only a disparate treatment claim.

[5] While plaintiff did not check the complaint form's box for claims arising under the ADA, the Court construes plaintiff's complaint as raising claims under the ADA because plaintiff alleges that defendant discriminated against him based on his disability and failed to accommodate his disability. Dkt. # 6, at 3, 4.

5

hostile work environment under Title VII, § 1981, the ADA, and the ADEA,[6] and retaliation under Title VII, § 1981, the ADA, and the ADEA.  Defendant argues that "plaintiff lacks evidence to plausibly suggest that he is entitled to relief" under Title VII, § 1981, the ADA, and the ADEA.[7] Dkt. # 15, at 4-14.  Plaintiff responds that he has provided supporting factual allegations, and makes factual arguments as to facts not alleged in his complaint, which the Court cannot consider in assessing the sufficiency of plaintiff's complaint.  Dkt. # 33, at 1-6; Goodwill Indus. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co., 21 F.4th 704, 713 (10th Cir. 2021).  Defendant replies that plaintiff's conclusory allegations are insufficient to state any claims.  Dkt # 36, at 1.

---

[6]   To the extent that defendant construes plaintiff's complaint as alleging a § 1981 harassment claim, rather than a § 1981 hostile work environment claim, defendant errs.  The Tenth Circuit does not recognize a claim for "harassment" under § 1981.  Williams v. FedEx Corp. Servs., 849 F.3d 889, 897 (10th Cir. 2017) ("General harassment alone is not actionable."). The harassment elements defendant cites are largely the same as the Tenth Circuit's prima facie case for a § 1981 hostile work environment claim.  Compare Nettles v. LSG Sky Chefs, 211 F. App'x 837, 839 (11th Cir. 2006), with Lounds v. Lincare, Inc., 812 F.3d 1208, 1222 (10th Cir. 2015).  Additionally, the Sixth and Eighth Circuit cases defendant cites refer to hostile work environment claims, not harassment claims.  Barrett v. Whirlpool Corp., 556 F.3d 502, 515 (6th Cir. 2009); Elmahdi v. Marriot Hotel Servs., Inc., 339 F.3d 645, 652 (8th Cir. 2003).  Thus, the Court construes plaintiff's complaint as alleging a § 1981 hostile work environment claim and applies defendant's harassment related arguments to plaintiff's § 1981 hostile work environment claim.

Further, while defendant does not argue that plaintiff fails to state an ADEA hostile work environment claim, the Court has an independent obligation in proceedings in forma pauperis to "dismiss [a] case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).  Therefore, the Court will analyze whether plaintiff states a hostile work environment claim under the ADEA.

[7]   Defendant argues this incorrect standard throughout its motion to dismiss.  Dkt. # 15, at 2, 6, 10.  On a rule 12(b)(6) motion to dismiss, the Court assesses whether plaintiff "state[s] a claim upon which relief can be granted[,]" not whether plaintiff "suggests" a claim.  FED. R. CIV. P. 12(b)(6).  Further, plaintiff's complaint need not allege detailed facts, much less evidence, at this stage.  Twombly, 550 U.S. at 555.

If plaintiff proceeds by means of circumstantial evidence to prove his claims, the Court must apply the McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting analysis in reviewing plaintiff's claims. Under this framework,

> [T]he plaintiff must carry the initial burden under the statute of establishing a prima facie case of [discrimination, hostile work environment, or retaliation]. Once the plaintiff has established a prima facie case, the burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual.

Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220, 1226 (10th Cir. 2000) (internal quotation marks and citations omitted). To survive defendant's motion to dismiss for failure to state a claim, plaintiff's complaint must plausibly allege either: direct evidence of discrimination, retaliation, or hostile work environment under Title VII, § 1981, the ADA, and the ADEA, or overcome "the initial burden" under the McDonnell Douglas framework "of establishing a prima facie case." See McNellis v. Douglas Cnty. Sch. Dist., 116 F.4th 1122, 1137 (10th Cir. 2024) (Title VII); Williams v. FedEx Corp. Servs., 849 F.3d 889, 896 (10th Cir. 2017) (ADA); Lounds v. Lincare, Inc., 812 F.3d 1208, 1221 (10th Cir. 2015) (§ 1981); Jones v. Okla. City Pub. Schs., 617 F.3d 1273, 1278-79 (10th Cir. 2010) (ADEA). "'Direct evidence is '[e]vidence, which if believed, proves [the] existence of [a] fact in issue without inference or presumption.'" McNellis, 116 F.4th at 1137 (alterations in the original) (quoting Shorter v. ICG Holdings, Inc. 188 F.3d 1204, 1207 (10th Cir. 1999)), overruled on other grounds by Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003). Absent direct evidence, plaintiff must "carry the initial burden under the statute of establishing a prima facie case . . . ." Id. at 1137; McDonnell Douglas Corp., 411 U.S. at 801-02.

Plaintiff relies on no direct evidence to state any claim, as his factual allegations are limited to his birth year, injury, termination after reporting "issues," and defendant's refusal to rehire him. Dkt. # 6, at 4-5. Such allegations are not direct evidence of race, color, age, or disability based discrimination, retaliation, or a hostile work environment. "While the 12(b)(6) standard does not require that [p]laintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether [p]laintiff has set forth a plausible claim." Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012). Thus, although plaintiff has no burden to come forward with evidence at this stage of the case, the Court finds that the prima facie elements of each alleged count provide a reasonable framework for evaluating whether plaintiff has sufficiently alleged his claims.

### A. Racial discrimination under Title VII and § 1981

"'In racial discrimination suits, the elements of a plaintiff's [prima facie] case are the same whether that case is brought under §[] 1981 . . . or Title VII.'" Carney v. City & Cnty. of Denver, 534 F.3d 1269, 1273 (10th Cir. 2008) (quoting Baca v. Sklar, 398 F.3d 1210, 1218 n.3 (10th Cir. 2005)). Title VII prohibits an employer from "refus[ing] to hire[,] . . . discharg[ing] . . . , [] otherwise [] discriminat[ing] against [,] . . . or. . . segregat[ing] . . . any individual. . . because of such individual's race [or] color . . . ." 42 U.S.C. § 2000e-2(a). Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." Id. § 1981(a). To state a prima facie case of discrimination under either statute, plaintiff must plausibly allege that: "(1) '[he] is a member of a protected class,' (2) '[he] suffered an adverse employment action,' and (3) 'the challenged action occurred under circumstances giving rise to an

8

inference of discrimination.'"[8] McNellis, 116 F.4th at 1139 (quoting Bennett v. Windstream Commc'ns., Inc., 792 F.3d 1261, 1266 (10th Cir. 2015)).

While defendant admits for the purpose of its motion that plaintiff sufficiently alleges elements one[9] and two, defendant argues that plaintiff's claims fail because plaintiff does not allege that he was qualified for his position, or that he was treated less favorably than others not in his protected class. Dkt. # 15, at 2, 4-5, 13. Plaintiff responds that his claims should succeed because he "is a member of a protected class," "was definitely qualified for his position, in which plaintiff beg[a]n the very position as floorhand many years ago," and "was treated less favorably than other co-worker's [sic], being that plaintiff was the African-American on location on every rig Sarah Wass sent plaintiff which caused disparate impact [and] disparate treatment." Dkt. # 33, at 2. Yet, plaintiff's complaint is devoid of these facts. Instead, he alleges in his complaint that he was "subjected to racism" and "segregated," and that defendant discriminated against him on the basis of his race and color by terminating his employment and failing to rehire him. Dkt. # 6, at 4-5.

---

[8]  Defendant relies on Khalik, 671 F.3d at 1192, to establish the elements of a prima facie case for racial discrimination. In McNellis, 116 F.4th at 1139, the Tenth Circuit recognizes that it has "articulated the elements of a prima facie Title VII discrimination claim differently from case to case" and provides a "general recitation of the elements." The Court will apply the three element test articulated by the circuit in McNellis, rather than the four element test in Khalik.

Additionally, plaintiff cites Muldrow v. City of St. Louis, 601 U.S. 346 (2024), without explaining its relevance. Dkt. # 33, at 7. In Muldrow, the Supreme Court held that "[a]lthough an employee must show some harm . . . to prevail in a Title VII [discrimination] suit, [he] need not show that the injury satisfies a significance test." Muldrow. 601 U.S. at 350. The Court does not apply the invalidated significance test in reaching its holding.

[9]  Defendant admits that plaintiff is African-American early in its motion, but later states that, "[f]or purposes of this Motion **only**, [defendant] will assume [] plaintiff can establish the first element—he is African-American . . . ." Dkt. # 15, at 2, 4 (emphasis in the original).

These conclusory allegations do not give rise to an inference of discrimination as required under the third element. Thus, plaintiff fails to state a claim under Title VII and § 1981 for racial discrimination, and his claims should be dismissed.[10]

### B. Age discrimination under the ADEA

The ADEA prohibits an employer from "refus[ing] to hire or . . . discharg[ing] any individual . . . [or] . . . segregating his employees . . . because of such individual's age." 29 U.S.C. § 623(a). To allege a prima facie case of age discrimination, plaintiff must plausibly claim that: (1) he is within the protected age group of individuals over 40 years of age; (2) he "suffered an adverse employment action;" (3) he "was qualified for the position;" and (4) he "was treated less favorably than others not in the protected class." Id. § 631(a); Jones, 617 F.3d at 1279. A plaintiff asserting an ADEA age discrimination claim must allege that "age was the 'but-for' cause of the employer's adverse action" or, in other words, that "age was the factor that made a difference." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009); Jones, 617 F.3d at 1277.

Defendant admits that plaintiff sufficiently alleges the first two elements, but argues that plaintiff fails to assert facts sufficient to satisfy the remaining elements. Dkt. # 15, at 9. Plaintiff responds by making factual allegations not mentioned in his complaint, including that his "Hispanic co-worker's [sic] stated plaintiff was too old to be working floorhand[,]" and that he "need[ed] to pick up trash an[d] clean only." Dkt. # 33, at 5. Plaintiff additionally claims that "all the Hispanic

---

[10]  While Title VII and § 1981 incorporate different causal standards, the Court does not reach the issue of causation because plaintiff fails to state a prima facie case. Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media, 589 U.S. 327, 337, 341 (2020) (explaining that Title VII discrimination claims use the "'motivating factor' causation test" while § 1981 claims use the "but-for" test, and that the prima facie case and causation represent two "analytically distinct" steps). Further, plaintiff alleges no facts suggesting a causal connection between his race and an adverse employment action.

10

co-worker's [sic] were young guy's who joked a lot, they would yell to plaintiff 'too-old' too-old mee-go!" Id. Plaintiff further claims that "after Hispanic co-worker's [sic] complained about plaintiff not moving fast enough H.R. Sarah Wass decided to send plaintiff to Stillwater yard to help an older guy build equipment[.]" Id. at 5-6. Plaintiff's complaint is devoid of these factual allegations.

As defendant admits the first two elements, the Court will consider only whether plaintiff sufficiently pleads elements three and four and but-for causation. Plaintiff fails to plead element three because he makes no allegations concerning his qualifications for the job he held and for which he re-applied. Plaintiff fails to plead element four because he asserts no facts from which the Court could discern that he was treated less favorably than others not within the protected group. Further, while plaintiff alleges that defendant "retaliated after [he] reported issues," terminated plaintiff as an accommodation for his injury, and failed to rehire him, these allegations do not suggest a causal connection between plaintiff's age and an adverse employment action. Dkt. 6, at 4-5. Thus, plaintiff fails to state an ADEA age discrimination claim, and his claim should be dismissed.

**C. Disability discrimination under the ADA**

The ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to . . . the hiring . . . or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To prevail on an ADA discrimination claim, plaintiff must allege that: "(1) [he] is a disabled person as defined by the ADA; (2) [he] is qualified, with or without reasonable accommodation, to perform the essential functions of the job held or desired; and (3) the employer discriminated against [him] because of [his] disability." Doyal v. Okla. Heart, Inc., 213 F.3d 492, 495 (10th Cir. 2000). The ADA defines the term "disability" as

"(A) a physical or mental impairment that substantially limits one or more major life activities . . . ; (B) a record of such an impairment; or (C) being regarded as having such an impairment . . . ." 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, [] working[,]" and "[operating] a major bodily function." Id. § 12102(2).

Defendant argues that plaintiff fails to allege all three elements of the prima facie case. Dkt. # 15, at 10-11. Plaintiff responds by: restating that he "was injured on the job[,] terminated by Sarah Wass after reporting injury[,]" and "ignored by defendant[;]" and newly alleging that he "has a worker's compensation trial in Oklahoma in November being that defendant refuse[s] to compensate for injury." Dkt. # 33, at 2-3, 6.[11] As to the first element, plaintiff's general allegation that he sustained an undefined work related injury and his checking of the disability box on his pre-printed complaint do not permit the Court to infer that plaintiff is disabled under the ADA's definition. Dkt. # 6, at 4. As to the second element, plaintiff fails to allege that he was qualified for the job he held or for which he re-applied. As to the third element, plaintiff's allegation that defendant fired him after he reported his injury does not suggest that defendant discriminated against plaintiff because of his disability because plaintiff fails to allege that he is disabled or was perceived as disabled. Thus, plaintiff does not state a claim for disability discrimination under the ADA, and his claim should be dismissed.

---

[11] While the Court does not consider factual allegations made outside of the complaint when assessing the complaint's sufficiency under rule 12(b)(6), plaintiff's factual allegation in his response brief as to his workers' compensation trial is not relevant to whether he states a claim for disability discrimination under the ADA. Workers' compensation and ADA disability discrimination represent two distinct theories of liability.

### D. Failure to accommodate under the ADA

The ADA's prohibition against disability discrimination includes employers failing to "mak[e] reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . ." 42 U.S.C. 12112(b)(5)(A). "To establish a prima facie case of failure to accommodate, [] plaintiff 'must make an initial showing that (1) [he] is disabled; (2) [he] is otherwise qualified; and (3) [he] requested a plausibly reasonable accommodation.'" Herrmann v. Salt Lake City Corp., 21 F.4th 666, 674 (10th Cir. 2021) (quoting Punt v. Kelly Servs., 862 F.3d 1040, 1050 (10th Cir. 2017)). A plaintiff need not allege discriminatory intent "[b]ecause 'any failure to provide reasonable accommodations for a disability is necessarily because of [the] disability.'" Id. (quoting Lincoln v. BNSF Ry. Co., 900 F.3d 1166, 1204 (10th Cir. 2018)).

Defendant argues that plaintiff fails to allege all three elements of the prima facie case. Dkt. # 15, at 11. Plaintiff responds that "Latshaw refused to give plaintiff any medical assistance[,]" a factual allegation not mentioned in his complaint. Dkt. # 33, at 6. As discussed above, plaintiff fails to allege that he is disabled and, thus, fails to allege the first element of his prima facie case. Further, he fails to make any allegations as to his qualifications for his role, element two, or the accommodations he requested, element three. Rather, plaintiff simply states that he was "injured on the job with no accommodations offered[] by defendants other than termination . . . ." Dkt. # 6, at 4-5. Thus, plaintiff fails to plausibly plead an ADA failure to accommodate claim, and his claim should be dismissed.

**E. Hostile work environment under Title VII, § 1981, the ADA, and the ADEA**

The same substantive standards govern hostile work environment claims under Title VII, § 1981, the ADA, and the ADEA. Compare Lounds, 812 F.3d at 1221 (explaining that "[t]he same substantive standards apply to a hostile work environment claim regardless of whether the plaintiff has brought it under § 1981 or Title VII.") with MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1280 (10th Cir. 2005), abrogated on other grounds by Lincoln, 900 F.3d at 1185-86, (applying rules articulated within the context of a Title VII hostile work environment claim to an ADEA hostile work environment claim) and Goodson v. DeJoy, No. 22-1338, 2023 WL 4782947, at *9 (10th Cir. July 27, 2023) (unpublished)[12] (applying the same elements to a plaintiff's Title VII and ADA hostile work environment claims). Thus, to plausibly state a hostile work environment claim under these statutes, plaintiff must allege that: (1) he was discriminated against because of his membership in a protected class; and (2) that "the discrimination was sufficiently severe or pervasive such that it altered the terms or conditions of [his] employment and created an abusive working environment." Ford v. Jackson Nat'l Life Ins. Co., 45 F.4th 1202, 1227 (2022).

Defendant argues that plaintiff's hostile work environment claims fail because plaintiff has not alleged any facts indicating defendant discriminated against plaintiff because of his membership in a protected class or subjected plaintiff to "pervasive or severe" harassment. Dkt. # 15, at 2-3, 5-6, 11, 13. Plaintiff responds by alleging the following facts not stated in his complaint:

> Plaintiff was subjected to racism by Hispanic co-worker's [sic], defendant's only accused plaintiff the (black guy) of wrong doing, plaintiff was sent to more hostile rig's by defendant's . . . , the harassment was pervasive [and] severe, the Hispanic co-worker's on a daily basis, opened my meats [and] food packages an[d] laughed about

---

[12]  While unpublished decisions are non precedential, the Court may cite unpublished decisions for their persuasive value. 10th Cir. R. 32.1(A).

> it, they threw my cooking supplies out on the porch by trash, I couldn't get any promotion being that I had Hispanic supervisors, being the only African American on location I was treated as trash[.]

Dkt. # 33, at 3. Plaintiff further adds that he was "looked upon with hatred and disdain," "reported these issues to his rig manager, superintend[e]nt Mr. Evans[,] on several occasions" and "to H.R. Sarah Wass who made matters worse," and "has text message's [sic] that will confirm[.]" Id. at 4.

The Court will consider whether plaintiff alleges a prima facie case of race, color, age, or disability based hostile work environment. As established above, plaintiff fails to allege that he was discriminated against based on his race, color, age, or disability. Therefore, he fails to plead the first element as to each of his claims. Further, as he fails to allege that he suffered any discrimination because of his membership in a protected class, he also fails to allege facts from which the Court could infer that the discrimination he faced was sufficiently severe or pervasive such that it changed the terms and conditions of his employment. Thus, plaintiff does not state hostile work environment claims under Title VII, § 1981, the ADA, and the ADEA, and his claims should be dismissed.

### F. Retaliation under Title VII, § 1981, the ADA, and the ADEA

As with hostile work environment claims, the same substantive standards govern retaliation claims under Title VII, § 1981, the ADA, and the ADEA. Compare McNellis, 116 F.4th at 1142 n.14 (Title VII), with Herrmann, 21 F.4th at 679 (ADA), and Hinds v. Sprint/United Mgmt. Co., 523 F.3d 1187, 1202 (10th Cir. 2008) (ADEA), and Somoza v. Univ. of Denver, 513 F.3d 1206, 1212 (10th Cir. 2008) (§ 1981) (requiring in each case that a plaintiff prove the same three elements to establish a prima facie case of retaliation). Each statute prohibits an employer from discriminating against an employee for engaging in a protected activity. 42 U.S.C. § 2000e-3(a) (Title VII); 42 U.S.C. § 12203(a) (ADA); 29 U.S.C. § 623(d) (ADEA); CBOCS W., Inc. v. Humphries, 553 U.S.

442, 452, 457 (2008) (§ 1981).  To state a prima facie case of retaliation under these statutes, plaintiff must "'plausibly allege (1) that [he] engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action.'" McNellis, 116 F.4th at 1142 n.14 (quoting Reznik v. inContact, Inc., 18 F.4th 1257, 1260 (10th Cir. 2021)).[13]

Defendant argues that plaintiff fails to plead that he engaged in a protected activity, and that a causal connection exists between his participation in a protected activity and the adverse employment action he suffered.  Dkt. # 15, at 3, 7-8, 9-10, 11.  Plaintiff responds that he stated a clear claim of retaliation because, "once plaintiff was insulted, harassed by Hispanic co-worker's [sic][,] an[d] reported said issues, H.R. Sarah Wass sent plaintiff to other rigs with Hispanics that were even worse, plaintiff was set-up for failure, by defendants, the Hispanics called plaintiff 'N' on several occasions."  Dkt. # 33, at 4.  Once again, plaintiff's complaint is devoid of these factual allegations.

---

13  Retaliation claims under Title VII, § 1981, the ADA, and the ADEA do not share the same causal standards.  Compare Comcast Corp., 589 U.S. at 337, 341 (holding that §1981 follows the traditional but-for causation standard), with Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362 (2013) (holding that "a plaintiff making a retaliation claim under § 2000e-3(a) [(Title VII)] must establish that his . . . protected activity was a but-for cause of the alleged adverse action by the employer"), and Jones, 617 F.3d at 1277 ("Gross clarifie[s] that the ADEA requires "but-for" causation"),  and Dennis v. Fitzsimmons, 850 F. App'x 598, 601 n.4 (10th Cir. 2021) (unpublished) (explaining that the Tenth Circuit has not adopted a "but-for" standard to evaluate causation for ADA claims).  (While unpublished decisions are non precedential, the Court may cite unpublished decisions for their persuasive value. 10th Cir. R. 32.1(A) ).  However, as plaintiff fails to allege any causal connection between a protected activity and an adverse employment action, the Court need not differentiate between the causation standards within this order.

The Court will consider whether plaintiff alleges a prima facie case of race, color, age, or disability based retaliation. As to element one, the Court cannot infer from plaintiff's allegations—that he reported "issues" to defendant, suffered an on the job injury, and unsuccessfully sought rehiring—that he engaged in any protected opposition to discrimination. Dkt. # 6, at 4-5. As to element two, the Court can infer from plaintiff's complaint that a reasonable person would find that termination constitutes a materially adverse action. McNellis, 116 F.4th at 1143 (holding that the plaintiff's termination constitutes a materially adverse action). As to element three, plaintiff fails to plead a causal connection between a protected activity and an adverse employment action. Rather, plaintiff alleges that defendant "retaliated after [he] reported issues," but does not state what issues he reported or how defendant retaliated against him. Dkt. # 6, at 4-5. Additionally, plaintiff alleges that defendant terminated his employment as an accommodation for his injury. Id. Even if plaintiff had sufficiently alleged that he qualifies as disabled because of his injury, the Court could at most infer a causal connection between plaintiff's termination and injury, not his opposition to discrimination. Thus, plaintiff fails to state a claim under Title VII, § 1981, the ADA, and the ADEA for retaliation, and his claims should be dismissed.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss plaintiff's "amended" complaint (Dkt. # 15) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint no later than **December 13, 2024**.[14]  Failure to file an amended complaint will result in the dismissal of this case.

**DATED** this 26th day of November, 2024.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[14]  Plaintiff may file an amended complaint to remedy any deficiencies enumerated herein, but he is cautioned that failure to comply with this opinion and order may again result in dismissal for failure to state a claim.